IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD ASKEW (#N-53889), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0902-MJR |
| | ) |
| RANDY DAVIS, | ) |
| CHRISTINE BROWN, | ) |
| VIPIN K. SHAH, M.D., | ) |
| and ANGLE RECTOR, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

**A.   Introduction**

While confined at Pinckneyville Correctional Center (PCC) within this Judicial District, Leonard Askew filed a lawsuit in this Court under 42 U.S.C. 1983. The complaint names four Defendants – the Warden of PCC (Randy Davis), the Healthcare Administrator of PCC (Christine Brown), a doctor at PCC (Vipin K. Shah), and a nurse practitioner at PCC (Angle Rector).[1] By prior Orders, the undersigned Judge granted Askew pauper status and denied his motion to appoint counsel, without prejudice to later renewing that request.

The case comes now before the Court for threshold review pursuant to 28 U.S.C. 1915A. Section 1915A provides that the district court must promptly review complaints in which a prisoner seeks redress from a governmental entity or employee, must identify cognizable claims in the complaint, and must dismiss any complaint that is

---

[1] Askew also references – in the introductory factual overview of his complaint – issues arising from his medical treatment at correctional institutions other than PCC, at the hands of other persons not identified as defendants herein. Those allegations are not connected to any named defendant in this lawsuit and not related to the claims surviving threshold review. As explained below, those claims will be dismissed without prejudice.

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

On review under § 1915A, as with dismissal motions under Federal Rule of Civil Procedure 12(b)(6), the district court's task is to determine whether the complaint states a claim to relief that is plausible on its face. *Khorrami v. Rolince*, **539 F.3d 782, 788 (7th Cir. 2008);** *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544 (2007).** In making this determination, the Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in his favor. *Hecker v. Deere & Co.*, **556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied*, **130 S. Ct. 1141 (2010).** This Court also bears in mind that pro se complaints must be liberally interpreted, and held to a "less stringent standard than formal pleadings drafted by lawyers." *Maddox v. Love*, **655 F.3d 709, 718 (7th Cir. 2011).**

So construing Askew's complaint, as described below, the Court concludes that, as to the four named Defendants, the complaint articulates a colorable claim for deliberate indifference to serious medical needs, in contravention of the Eighth Amendment to the United States Constitution. The Court dismisses without prejudice all other claims.

> B.   <u>Analysis</u>

Accepting as true the well-pled facts and construing in Askew's favor the reasonable inferences therefrom, the complaint alleges the following as to the four named Defendants. Askew came to PCC via transfer from Menard Correctional Center in January 2011. Upon arrival, Askew made Defendants aware of his various medical conditions and needs (which were supported by medical records from his prior places of confinement). Askew has suffered from diabetes for 12 years. He takes medication to help control his diabetes (in addition to receiving regular insulin shots). Additionally, he has high blood pressure, high cholesterol, neuropathy, nerve damage, and poor circulation in his extremities.

Askew had a "medical permit" for diabetic shoes from two doctors from prior correctional institutions. He also was being treated with the prescription drug Neurotonin (for neuropathy and pain). Askew had been taking Neurotonin for approximately three years on a daily basis. Additionally, from time to time, Askew needed prescription-strength lotion or cream to treat a cracking skin condition of his feet which could lead to diabetic-related complications. When he first got at PCC, Askew was given his prescriptions without incident. Sometime in the Spring of 2011, he requested (several times) the diabetic shoes which he had worn at Menard and Stateville Correctional Centers. Defendants failed and refused to provide Askew any diabetic or special footwear. Between July and August 2011, other problems arose. Defendants repeatedly refused to give him cream/lotion to treat his feet, and suddenly

stopped his prescription of Neurotonin. Askew personally spoke to Defendants Rector, Brown, Shah, and Davis about his deteriorating condition and ailments, but Defendants all denied or delayed his desperately needed care.

Defendants' actions caused Askew to be unable to participate in normal daily activities, resulted in great swelling and increased numbness in his feet, forced him to "walk around and work 5 days a week in unhealthy and unsafe condition" which placed him in peril (due to his diabetes), and subjected him to severe pain for three months.

Following lengthy recitation of "factual allegations," pages 19 through 22 of Askew's complaint are organized into two counts – Count I alleging cruel and unusual punishment, and Count II alleging a denial of due process under the Fourteenth Amendment – against the four named (PCC) Defendants. Askew seeks "nominal, compensatory, and punitive damages" from Davis, Brown, Shah and Rector, plus attorneys' fees and costs.

In addition to these allegations, Askew's complaint contains lengthy factual narratives relating to events that occurred at other institutions before he arrived at PCC. The best the Court can glean, Askew included this information about his previous medical treatment to furnish background to the instant lawsuit – i.e., Askew was confined at Stateville Correctional Center between June 1999 and July 2004, during which time a physician diagnosed a diabetes-related chronic illness with Askew's feet and gave Askew special shoes to wear every day. Similarly, the complaint details how, while at Menard Correctional Center in December 2007, Askew was prescribed medications for diabetes, high blood pressure, and high cholesterol, and while at Pontiac Correctional Center in March 2008, he was prescribed medications for his medical conditions (including diabetes) and given special insoles for his shoes. These allegations presumably provide background to his claim for denied medical treatment at PCC.

However, Askew also includes factual allegations *critical* of his medical treatment at Lawrence Correctional Center between roughly November 2008 and March 2009 and at Menard Correctional Center between late March 2009 and late summer 2009 (Complaint, pp. 7-11). The Court does not believe Askew intends those allegations to constitute claims against the Defendants he named in *this* lawsuit. For one thing, Askew has not named as a defendant herein any of the persons he blames for the alleged previous denials of care (e.g., Dr. Fuentes at Menard).

Furthermore, if Askew is attempting, via the complaint in the current case, to assert claims for denial of medical treatment at Lawrence or Menard, the latter would not be sufficiently related to his claims involving treatment at PCC to survive scrutiny under *George v. Smith*, **507 F.3d 605 (7th Cir. 2007).** In *George*, the Seventh Circuit

emphasized that unrelated claims against different defendants must be filed in (or severed into) separate lawsuits, to prevent the "morass" produced by multi-claim, multi-defendant suits and "also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act (i.e., filing fees are required for every lawsuit, and inmates cannot skirt that responsibility by lumping multiple unrelated claims together in a single suit). *See George*, 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g).

Just last week, the Seventh Circuit Court of Appeals reiterated that when a complaint clumsily joins unrelated defendants and claims, representing "the archetype of unwieldy prisoner litigation," the district court on 1915A review should either dismiss the improperly joined defendants or carve the case into separate lawsuits. *Santiago v. Anderson*, -- F.3d. --, 2012 WL 3164293, 1 (7th Cir. August 6, 2012). Opting for the former approach in this particular situation, the Court dismisses from this action (without prejudice to re-filing in separate suits, supported by separately paid filing fees) all claims based on Askew's medical treatment *prior to his arrival at PCC*.

Turning to the claims against the four named Defendants arising from Askew's medical treatment *at PCC*, the Court concludes that the claim for deliberate indifference to serious medical needs (cognizable under the Eighth Amendment) survives 1915A review, but the claim for denial of due process (based on the Fourteenth Amendment) does *not* survive 1915A review.

In *Roe v. Elyea,* 631 F.3d 843, 856-58 (7th Cir. 2011), the United States Court of Appeals for the Seventh Circuit reiterated the standards governing Eighth Amendment claims brought by prisoners like Askew. The Court began with the principle that the Eighth Amendment's prohibition against cruel and unusual punishment embodies broad idealistic concepts of civilized standards, humanity and decency. The Court then noted that the Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering which serves no penological purpose. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. *Id., quoting Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009).

"A successful deliberate indifference claim is comprised of both an objective and a subjective element." *Roe,* 631 F.3d at 857, *citing Farmer v. Brennan,* 511 U.S. 825, 834 (1994). So, to state a deliberate indifference claim upon which relief can be granted, an inmate must allege both that, objectively, the deprivation he suffered was sufficiently serious (i.e., it resulted in the denial of the minimal civilized measure of life's necessities, *see Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir.2002)), and that prison officials acted with a sufficiently culpable state of mind to support § 1983 liability, *see Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).

A medical need is deemed sufficiently serious if, inter alia, the inmate's condition has been diagnosed by a physician as requiring treatment. *Greeno,* **414 F.3d at 653.** The condition need not be life-threatening to be serious. *Roe,* **631 F.3d at 857,** *quoting Gayton v. McCoy,* **593 F.3d 610, 620 (7th Cir. 2010).** Prolonged, unnecessary pain can support a deliberate indifference claim, as can delayed treatment; and even a short delay may suffice if a condition is severely painful and readily treatable. *Smith v. Knox County Jail,* **666 F.3d 1037, 1039-40 (7th Cir. 2012);** *Edwards v. Snyder,* **478 F.3d 827, 830-31 (7th Cir. 2007).** Here, Askew has alleged that Defendants each knew of his medical condition, knew of the medications and treatment he needed, and deliberately without justification denied (or delayed for at least 90 days) treating his serious conditions, including open sores on his diabetic feet, leaving him in severe pain. Askew's complaint sufficiently alleges deliberate indifference to a serious medical need.

By contrast, the complaint does <u>not</u> state a Fourteenth Amendment denial of due process claim upon which relief can be granted. Askew alleges that Defendants "violated Plaintiff['s] Fourteenth Amendment rights to due process by continuously denying Plaintiff the right to be free from pain" and "depriving Plaintiff the right to exercise every day free of pain," preventing him from doing jumping jacks, running or playing basketball to help control his diabetes.[2] This does not present a claim for denial of due process (substantive or procedural) under the Fourteenth Amendment or otherwise.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." **U.S. Const. amend. XIV, § 1.** Stated another way, the Fourteenth Amendment protects against state action that deprives individuals of property or liberty without due process. *Bettendorf v. St. Croix County,* **631 F.3d 421, 426 (7th Cir. 2011).** The Fourteenth Amendment safeguards pretrial detainees from punishment at the hands of the state -- a protection which extends beyond the Eighth Amendment's prohibition on cruel and unusual punishment. *See Lewis v. Downy,* **581 F.3d 467, 474 (7th Cir. 2009),** *citing Wilson v. Williams,* **83 F.3d 870, 875 (7th Cir. 1996).** Askew was not a pretrial detainee and does not appear to base Count II on protection from "punishment" or any substantive violation of due process rights.

---

[2] The complaint contains one sentence stating that Plaintiff was denied "an opportunity to aggrieve the conditions of his confinement" (Complaint, p. 21, ¶ 104). This is not logically tied to any of the other lengthy detailed allegations, fleshed out elsewhere in the complaint, or consistent with other parts of the complaint which disclose that Plaintiff, in fact, filed grievances about his care at PCC, including an emergency medical grievance he attached as Exhibit L to his complaint, which he alleges to have filed directly with Warden Davis (Complaint, ¶ 92).

As to procedural due process claims:  "'An essential component of a procedural due process claim is a protected property or liberty interest.' … Accordingly, a plaintiff asserting a procedural due process claim must have a protected property interest in that which he claims to have been denied without due process."  *Khan v. Bland*, **630 F.3d 519, 527 (7th Cir. 2010)**, *quoting Minch v. City of Chi.*, **486 F.3d 294, 302 (7th Cir. 2007)**, **and** *citing Barrows v. Wiley*, **478 F.3d 776, 780 (7th Cir. 2007).**  Askew has not alleged any recognized property or liberty interest to otherwise support this claim (i.e., there is no constitutionally safeguarded right to exercise free of pain).  Simply put, Askew does not allege any facially plausible claim under the Fourteenth Amendment.  That claim ("Count II" of Askew's complaint) shall be dismissed without prejudice.

C.     <u>Conclusion</u>

**Surviving 1915A review are Plaintiff's Eighth Amendment claims against the four named Defendants, based on deliberate indifference to Plaintiff's medical needs.  All other claims are dismissed without prejudice.**

The Clerk of Court **SHALL PREPARE** for Defendants Davis, Brown, Shah and Rector the following:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings. Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.* Consent forms can be provided by the Clerk of Court upon request or found on the Court's website – www.ilsd.uscourts.gov.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time he moved under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs, he was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. *See* **Local Rule 3.1(c)(1).**

Finally, Plaintiff is **REMINDED that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.** The Court will not independently investigate Plaintiff's whereabouts in the attempt to provide copies of Court Orders or other pleadings. Plaintiff shall notify the Court of any address change in writing not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. *See* **FED. R. CIV. P. 41(b).**

IT IS SO ORDERED.

DATED  August  13, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
