IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD ASKEW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.  11-cv-902-MJR-SCW |
| RANDY DAVIS, CHRISTINE BROWN, VIPIN K. SHAH, and ANGEL RECTOR, | ) ) ) ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This case is before the Court on motions for summary judgment filed by Defendant Angel Rector (Docs. 57 & 60) and Defendants Randy Davis and Christine Brown (Docs. 64 & 65). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** the motion to dismiss filed by Defendants Davis and Brown (Docs. 64 & 65) and **GRANT IN PART AND DENY IN PART** the motion to dismiss filed by Defendant Rector (Doc. 57 & 60).

### II. Findings of Fact

Plaintiff filed his Complaint on October 5, 2011 alleging deliberate indifference to his medical needs against Defendants (Docs. 1 & 10).  Specifically, Plaintiff alleges that he suffers from diabetes and takes medication, namely Neurotonin, to control pain in his hands and feet associated with the diabetes (Doc. 10 at p. 2).  He also had a medical permit for diabetic shoes from prior correctional institutions including Menard and Stateville Correctional Centers (*Id.*).   While at

Pinckneyville Correctional Center, he requested diabetic shoes on several occasions in the Spring of 2011, but Defendants refused to provide him with the special footwear (*Id.*). During July and August 2011, Plaintiff also alleges that Defendants refused to provide him with foot cream/lotion for his feet and also stopped his prescription of Neurotonin (*Id.* at pp. 2-3). Plaintiff alleges that Defendants' deliberate indifference caused his feet to swell and he also had increased numbness in his feet (*Id.* at p. 3). Plaintiff also alleges that he had open sores on his feet. Due to their failure to provide him with special shoes, Plaintiff alleges that he was required to work five days a week in unhealthy and unsafe conditions (***Id.***).

On January 8, 2013, Defendant Angel Rector filed a motion for summary judgment arguing that Plaintiff had failed to exhaust his administrative remedies against her (Docs. 57 & 60). Defendant Rector argues that Plaintiff failed to properly identify her in his grievances. She points out that she was only mentioned in two grievances, one filed on April 28, 2011 and one filed on August 16, 2011. However, Defendant argues that Plaintiff failed to allege any complaints against her with specificity in those grievances, only mentioning her in the grievance and not specifically citing a complaint against her.

On January 15, 2013, Defendants Randy Davis and Christine Brown also filed a motion for summary judgment for failure to exhaust (Docs. 64 & 65). Defendants Davis and Brown acknowledged that Plaintiff had fully exhausted a grievance against them filed April 28, 2011 which alleged that Defendants had denied Plaintiff proper medical care by failing to provide him with diabetic shoes. Thus, Defendants acknowledged that Plaintiff had fully exhausted his claim regarding his special shoes. However, Defendants argued that Plaintiff had failed to exhaust his administrative remedies as to his other claim against Defendants Davis and Brown, namely that they denied him foot cream and Neurotonin. Defendants point out that while Plaintiff filed a grievance on this matter at the institutional level on August 16, 2011, he failed to pursue his grievance to the ARB and, as such,

the ARB has never issued a final determination on that grievance.

Plaintiff has filed a Response in opposition to both motions for summary judgment (Doc. 69). Plaintiff argues that Defendants have not met their burden of showing that Plaintiff failed to exhaust because the facts set forth shows he has a clearly established constitutional right. He also argues that two prior grievances were fully exhausted and dealt with his issues with his feet. The Court notes that Plaintiff has attached three grievances to his Response. One grievance is dated July 23, 2009 and deals with medical care he received while at Menard Correctional Center (Doc. 69 at pp. 6-9). He has also attached his grievances from Pinckneyville Correctional Center dated April 28, 2011 and August 16, 2011.

As the undersigned has determined that there are no disputes of fact as to exhaustion, the Court finds that a *Pavey* hearing is not necessary as the issues presented are solely legal questions.

### III. Conclusions of Law

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").** Exhaustion must occur before the suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.*

Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole,* 438 F.3d at 809.

Under *Pavey,* the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41(7th Cir. 2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* at 742. Although the court in *Pavey* included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).

A.   **Exhaustion Requirements Under Illinois Law**

As an inmate confined within the Illinois Department of Corrections, Askew was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims.  **20 Ill. Administrative Code §504.800** *et seq.*  The grievance procedures first require inmates to speak with the counselor about their complaint.  **20 Ill. Admin. Code §504.810(a).**  Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident.  *Id.*  The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint.  The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).**  "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances."  **20 Ill. Admin. Code §504.830(d).**  If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB").  The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision.  Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached."  **20 Ill. Admin. Code §504.850(a).**  "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations."  **20 Ill. Admin. Code §504.850(e).**  "The Director shall review the findings and recommendations of the Board and make a

final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

**B.     Analysis**

All of the Defendants argue that they are entitled to summary judgment on Plaintiff's deliberate indifference claim regarding medication and foot cream because Plaintiff did not pursue his grievance to the ARB. Defendant Rector also argues that she is entitled to summary judgment on Plaintiff's diabetic shoes claim because Plaintiff has not set forth a claim against her in his grievance with specificity.

**1.     Medications**

All Defendants argue that Plaintiff has failed to exhaust his administrative remedies against them on his claim that he was denied medication and foot cream for his diabetic feet. The grievance at issue in this case was filed on August 16, 2011 (Doc. 65 Ex. B). In that grievance, Plaintiff alleged that Dr. Shah (mislabeled as Dr. Shea in the grievance) saw Plaintiff on August 15,

2011 about cuts on his feet and dry skin. Plaintiff asked that he been given cream for his feet, but Dr. Shah refused because Plaintiff was not controlling his diabetes. Plaintiff's grievance also indicated that in April of 2011, Defendant Rector had changed his medication but since that time, Dr. Shah had taken him off all of his medication including his Neurotonin (*Id.* at p. 2).

Plaintiff filed this grievance as an emergency grievance but it was returned to him on August 23, 2011, with an indication that it was not an emergency and to pursue the grievance in the normal manner (*Id.* at p. 1). Plaintiff then chose to take that advice and pursued his grievance further by filing it with his counselor, which was received on August 31, 2011 (*Id.*). His counselor responded on September 12, 2011. There is no indication that Plaintiff pursued his claim further by filing his grievance with the grievance officer, nor did the ARB receive his grievance (Doc. 65-1 at ¶¶ 8-11). The ARB indicated that it had never received an appeal from Plaintiff's grievance dated August 16, 2011, nor had it received any appeals regarding the denial of medication or foot cream (*Id.* at ¶¶ 10-11).

Plaintiff does not deny that he did not send his August 16, 2011 grievance to the ARB. Instead, Plaintiff argues that he has a constitutional claim and sent other grievances to the ARB regarding his medication. However, the two grievances that Plaintiff points to are not relevant to Plaintiff's current claim for failure to provide medication. Plaintiff first points to a grievance dated July 23, 2009 in which he grieves his need for diabetic shoes (Doc. 69 at pp. 6-10). However, this grievance is dated two years prior to his August 16, 2011 grievance and was for medical care he was receiving at Menard Correctional Center, not Pinckneyville Correctional Center. Thus, Plaintiff could not have exhausted a grievance regarding staff at Pinckneyville by filing a grievance before he was even housed at Pinckenyville or had any contact with staff at Pinckneyville. Plaintiff also points to his grievance dated April 28, 2011, but that grievance only complained about Pinckneyville's failure to provide him with diabetic shoes (Doc. 65 Ex. A). It does not mention staff at Pinckneyville's failure to provide him with foot cream or medication. In fact, the grievance indicates that he is

receiving pain medication, including Neurotonin for his feet. Thus, he cannot be deemed to have exhausted his administrative remedies as to the medication and foot cream in that grievance. All that the Court is left with, then, is the August 16, 2011 grievance and the evidence in the record is clear that Plaintiff did not fully exhaust the grievance, as he did not send it to the ARB. Plaintiff has also not denied that the August 16, 2011 grievance was never submitted to the ARB. Further, the undersigned notes that the deadline for appealing his grievance to the ARB has long since passed. **20 Ill. Admin. Code §504.850(a);** *Burrell v. Powers,* **431 F.3d 282, 285 (7th Cir. 2006)(failure to take timely appeal in state grievance process is a failure to exhaust).** Accordingly, as Plaintiff never submitted his grievance regarding medication and foot cream to the ARB, the undersigned **FINDS** that Plaintiff has failed to exhaust his administrative remedies as to this claim.

    **2.**     **Diabetic Shoes**

As to Plaintiff's claim regarding diabetic shoes, only Defendant Rector argues that she is entitled to summary judgment on Plaintiff's deliberate indifference claim because Plaintiff failed to exhaust his claims against her. Defendants Davis and Brown concede that Plaintiff has exhausted his grievances against them on this claim. Defendants point to Plaintiff's grievance filed April 28, 2011. In that grievance, Plaintiff complained that he had asked for diabetic shoes from Dr. Shah (Plaintiff misnamed Dr. Shah in his grievance as Dr. Shea) and that Dr. Shah refused to provide him with special shoes as he did not think they were necessary. Plaintiff's grievance points out that he had previously been approved for diabetic shoes at his two prior correctional institutes, but that Dr. Shah informed Plaintiff that he did not care. The April 28, 2011 grievance was fully exhausted through the ARB, which Defendants Davis and Brown acknowledge.

Defendant Rector, however, argues that Plaintiff's April 28, 2011 grievance was insufficient to exhaust his claims against her because Plaintiff did not cite a complaint against her in that grievance. Defendant Rector acknowledges that she is mentioned in the April 28, 2011. The

grievance indicates that Defendant Rector knows about his condition with his feet and that he gave her his medical documents himself. Defendant Rector had told him that his medical reports from his prior institutions were not in his file, but Plaintiff had a copy of those records and provided them to Defendant Rector. Defendant Rector argues that this claim is insufficient to exhaust his claims against her because Plaintiff did not actually voice a complaint against Rector.

The undersigned, however, disagrees. The Illinois Department of Correction's Grievance Procedures specifically states that an inmate must name, or at the very least, describe the person who is the subject of the grievance. **20 Ill. Admin. Code § 504.810(a).** This requirement meets with the purpose of the grievance procedure which is to "alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, **418 F.3d 714, 719 (7th Cir. 2005).** In Plaintiff's April 28, 2011 grievance, Plaintiff named Defendant Rector as the nurse practitioner that he spoke with about his condition. He notes that he gave her medical documents he received from his two previous institutions. He then states that he wants proper medical treatment and diabetic shoes. This paragraph in his grievance clearly puts Pinckneyville on notice that he explained his condition to Defendant Rector, but was allegedly still not given proper treatment. At that time prison officials were on notice of his issues with not receiving diabetic shoes and from the grievance knew that Defendant Rector was one of the staff he had met with. The undersigned **FINDS**, thus, that Plaintiff has properly exhausted his deliberate indifference claim regarding his diabetic shoes against Defendant Rector, and thus **RECOMMENDS** that her motion to dismiss be **DENIED** on this issue.

### IV. Conclusions

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has failed to exhaust his administrative remedies as to his deliberate indifference claim regarding medication and foot cream, but has exhausted his administrative remedies on his diabetic shoe claim,

including as to Defendant Rector.  Thus, it is **RECOMMENDED** that the Court **GRANT** the motion for summary judgment as to Defendants' Randy Davis and Christine Brown (Docs. 64 & 65) and **GRANT IN PART AND DENY IN PART** the motion to dismiss filed by Defendant Angel Rector (Docs. 57 & 60).   The deliberate indifference claim regarding medication and foot cream shall be **DISMISSED without prejudice** as to Defendants Davis, Brown, and Rector.

Should the Court adopt the findings in this Report and Recommendation, the deliberate indifference claims against Defendants Davis, Brown, and Rector for failure to provide Plaintiff with diabetic shoes will remain.  The claims against Defendant Shah will also remain as Defendant Shah has not sought summary judgment on this issue.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **July 22, 2013.**

**IT IS SO ORDERED**.
DATED: July 3, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge