IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD ASKEW, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 11–cv–0902–MJR–SCW |
| | ) |
| RANDY DAVIS, CHRISTINE BROWN, VIPIN K. SHAH, M.D., and ANGEL RECTOR,[1] | ) ) ) |
| | ) |
|        Defendant. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION

**REAGAN, District Judge**:

      This § 1983 civil rights case comes before the Court on a Report and Recommendation submitted by Magistrate Judge Stephen C. Williams on two motions: a Motion for Summary Judgment filed by Defendant Angel Rector, and a Motion for Partial Summary Judgment filed by Defendants Randy Davis and Christine Brown.

      The underlying lawsuit stems from *pro se* Plaintiff Leonard Askew's allegations that officials (and a contracted medical professional) at Illinois' Pinckneyville Correctional Center violated his Eighth Amendment rights by acting with deliberate indifference to symptoms of Plaintiff's diabetes. As pertinent to the instant motions, Plaintiff alleges (1) Defendants wrongfully discontinued his prescription medication and foot cream treatment, and (2) Defendants' refusal to give him special "diabetic" shoes was tantamount to deliberate indifference.

      Defendants Davis and Brown moved for partial summary judgment, ceding that Plaintiff exhausted remedies pertaining to claims about his special shoes, but arguing Plaintiff did not exhaust

---

[1] While Defendant's name was originally spelled "Angle" Rector on the docket, subsequent pleadings and motions have made clear the correct spelling is "Angel" Rector. For clarity's sake, the CLERK is DIRECTED to substitute **Angel Rector** for Angle Rector.

his administrative remedies regarding his prescription or his foot cream. Defendant Rector took aim at both sets of allegations, arguing that Plaintiff never exhausted his administrative remedies as they pertained to any of the instant claims against her.

Judge Williams found that Plaintiff filed one grievance regarding his medication and foot cream at the institutional level, but failed to pursue that grievance to the extent required by Illinois Department of Corrections ("IDOC") procedure and Illinois law. Accordingly, Judge Williams found, Plaintiff failed to exhaust his administrative remedies as to his diabetes medication and foot cream.

But as to Plaintiff's claim that Defendant Rector acted with deliberate indifference to Plaintiff's need for special shoes, Judge Williams found that an April 28, 2011 grievance—which Plaintiff fully exhausted—sufficed to alert prison officials to perceived problems with Rector and enable them to take corrective action. *See Cannon v. Washington*, **418 F.3d 714, 719 (7th Cir. 2005).** In other words, regarding his need for "diabetic shoes," Plaintiff exhausted his administrative remedies as to Defendant Rector.

The Report was sent to the parties with a "NOTICE" (Doc. 75, 10; Doc. 75-1) informing them of their right to appeal by way of an objection filed within fourteen days of service (on or before July 22, 2013). To date, no objections have been filed. The period in which such objections may be filed has expired, so pursuant to 28 U.S.C. § 636(b)(1)(B) this Court need not conduct *de novo* review. *Thomas v. Arn*, **474 U.S. 140, 149–52 (1985);** *Banco Del Atlantico, S.A. v. Woods Indus.*, **519 F.3d 350, 354 (7th Cir. 2008);** *Video Views, Inc. v. Studio 21, Ltd.* **797 F.2d 538, 539–40 (7th Cir. 1986).**

Accordingly, the undersigned District Judge **ADOPTS** Magistrate Judge Williams' Report and Recommendation (**Doc. 75**) in its entirety, **GRANTS** the Motion for Partial Summary Judgment filed by Defendants Brown and Davis (**Doc. 64**), and **GRANTS IN PART** and

2

**DENIES IN PART** the Motion for Summary Judgment filed by Defendant Rector (**Doc. 60**). As they pertain to Defendants Rector, Davis and Brown, Plaintiff's deliberate indifference claims regarding his diabetes medication and his foot cream are **DISMISSED** without prejudice.

What remains for trial are Plaintiff's Eighth Amendment claims against all four Defendants as those claims relate to his need for special shoes, and his claims against Defendant Shah (who has not sought summary judgment) regarding Plaintiff's medication and foot cream. The case remains set for a Jury Trial on September 15, 2014.

| | |
|---|---|
| **IT IS SO ORDERED.** | s/ *Michael J. Reagan* |
| DATE: <u>August 5, 2013</u> | **MICHAEL J. REAGAN** |
| | United States District Judge |